UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.10-11122-RWZ

GENNA GRETSKY

v.

EDELSTEIN & COMPANY LLP, *et al.*

ORDER

February 14, 2011

ZOBEL, D.J.

Plaintiff Genna Gretsky sues his former employer Edelstein & Company LLP, the firm's managing partner William Mahoney, and a partner at the firm Scott Kaplowitch, for various conduct arising out of failure to pay benefits due under the firm's ERISA plan ("the Plan"). The complaint asserts five counts: (1) recovery of benefits due under the Plan pursuant to 29 U.S.C. § 1132(a)(1)(B); (2) breach of Fiduciary Duty in violation of 29 U.S.C. § 1132(a)(2); (3) refusal to supply requested Plan information in violation of 29 U.S.C. §1132(c); (4) unlawful discharge in violation of 29 U.S.C. § 1140; and (5) common law violation of public policy. Gretsky's subsequent motion to voluntarily dismiss counts 2 and 5 was granted. (Docket Entry Oct. 4, 2010.) Now pending is defendants' motion to dismiss.

**I. Background**

The facts, as set forth in the complaint, are that Gretsky is a certified professional accountant who entered the employ of Edelstein, an accounting firm, on

May 1, 2000. He received pay increases and commendations throughout his time at the company, and was ultimately promoted to the position of Director of Information Systems.

In 2006 and 2007 the employee handbook for Edelstein's ERISA benefit Plan stated that "[a]t this time, the Firm matches at a rate of .25 for every $1.00 you put into the [pre-tax retirement savings] plan, up to 6% of your income." (Complaint ¶ 20.) Gretsky saved amounts which entitled him to matching contributions of $ 1,460.25 in 2006 and $ 1,538.07 in 2007. The firm contributed only $459.44 and $470.73.

Gretsky discovered this error in early 2008 and bought it to the attention of Mahoney. Mahoney denied there was any mistake and said that contributions were made pursuant to a "special formula" in the Plan document which was different than the formula in the employee handbook. (Id. at ¶ 23.)

Mahoney directed Gretsky to contact Carmela Martell, the Firm Administrator, for a copy of the Plan document and an explanation of the formula. Gretsky emailed Martell. Martell responded that there was no special formula in the employee handbook and she did not provide a copy of the Plan document. Gretsky shared this response with Mahoney and repeated his request for the Plan document. Mahoney said that Martell was wrong, but he did not provide a copy of the Plan document.

Gretsky again raised this issue by email with Mahoney in May of 2009, when he noticed that he did not receive a full matching contribution for 2008. The 2008 dispute was eventually resolved, but Mahoney "ignored Plaintiff's requests to resolve the apparent errors that occurred in 2006 and 2007" and he did not provide a copy of the

2

Plan document. (Id. at ¶ 30.)  Gretsky then filed a complaint with the Employee Benefits Security Administration ("EBSA"), an agency within the Department of Labor that has the power to investigate alleged ERISA violations.

On July 1, 2009, Gretsky reported for a performance review in front of Mahoney, Kaplowitch, and the firm's human resources manager.  He received his "worst performance review ever" which identified a "lack of professionalism in dealing with his superiors."  (Id. at ¶ 37.)  He asked for a specific example and was told that the "EBSA complaint was such an example."  (Id. at ¶ 38.)  On July 2 he was fired.  That evening FedEx delivered to his home address a copy of the Plan document.

## II. Analysis

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).  The facts must allow the court to draw a reasonable inference that defendants are liable for the alleged misconduct.  Id.  A simple recitation of elements, or statements of legal conclusion, will not suffice.  Id.

### A. Count 1 - Recovery of Benefits Due

Defendants argue that plaintiff fails to allege exhaustion of the Plan's administrative remedies, which is a predicate requirement for an ERISA claim to recover unpaid benefits.  Madera v. Marsh USA, Inc., 426 F.3d 56, 61 (1st Cir. 2005).  The Plan, in 2008, required plaintiff to make a written claim for benefits to the "plan administrator," Edelstein LLP.  (Plan Summary 17, Docket # 9 Ex. 1.)  Edelstein then

3

has 90 days to respond in writing.  (Id.)  Plaintiff says that he emailed his claim question to the firm administrator, Carmela Martell, and to Mahoney (Complaint ¶¶ 26, 29), but

no answer was given (id. at ¶¶ 29, 31), and he thus satisfied the Plan's administrative prerequisites but Edelstein did not.  While defendants dispute this characterization of events, it is a factual issue that cannot be resolved on a motion to dismiss.  Plaintiff sufficiently alleges exhaustion.

Defendants also assert that this claim fails because there is "an obvious alternative explanation" for the alleged non-payment of Plan benefits, and they make reference to the matching contribution formula in the 2008 Plan document.  (Defs.' Mem. in Supp. 9, Docket # 8.)  But plaintiff's claim concerns benefits in 2006 and 2007, not 2008.  The motion to dismiss this claim is denied.

### B.    Count 3 - Refusal to Supply Requested Information

Defendants raise a Twombly challenge, asserting that the claim "appears to be based solely" on a conclusory assertion that the "Plan Document provided to the Plaintiff on July 2, 2009, is incomplete."  (Id. at 11.)  They misunderstand the claim.  Plaintiff says he asked for the Plan document in early 2008 but was not given anything in response until July of 2009, more than a year later, when he was mailed the document he alleges was incomplete.  By statute, a plan administrator has 30 days to mail requested material which it is required to produce.  29 U.S.C. § 1132(c).  Liability is limited, however, to the Plan "administrator."  Id.  The administrator of the Edelman Plan is Edelman.  (Plan Summ. 2, Docket # 9 Ex. 1.)  Plaintiff therefore cannot maintain

4

a claim against Mahoney or Kaplowitch.

### C. Count 4 - Retaliatory Discharge

ERISA prohibits "discharge . . . [of a] beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan." 29 U.S.C. § 1140. A plaintiff must, ultimately, prove that "the firing was taken with the specific intent of interfering with the employee's ERISA benefits." Kouvchinov v. Parametric Tech. Corp., 537 F.3d 62, 66 (1st Cir. 2008) (internal quotation marks omitted). Defendant argues that an inference of specific intent is not plausible on the alleged facts, but those allegations include direct evidence of retaliatory motive: "When Plaintiff was asked for a specific example of [the behavior which led to his negative performance review], Mr. Kaplowitch stated that Plaintiff's EBSA complaint was such an example. Mr. Mahoney concurred." (Complaint ¶ 38.) This is sufficient to survive a motion to dismiss.

### III. Conclusion

Defendants' motion to dismiss (Docket # 7) is ALLOWED as to count 3 asserted against Mahoney and Kaplowitch, and DENIED as to all other claims.

|  February 14, 2011 | /s/Rya W. Zobel |
| :---: | :---: |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |